# UNITED STATES DISTRICT COURT

### for the
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| **EDWARD J. BRYANT, III** | ) |
| | ) |
| **Plaintiff** | ) |
| v. | ) |
| | ) |
| **LOUISVILLE/JEFFERSON COUNTY** | ) |
| **METRO GOVERNMENT** | ) |
| **Serve:** Mayor Greg Fischer | ) |
| Metro Hall / 4th Floor | ) |
| 527 W. Jefferson St. | ) |
| Louisville, KY 40202 | ) |
| | ) |
| **and** | ) |
| | ) |
| **LOUISVILLE METRO** | ) |
| **POLICE DEPARTMENT** | ) |
| **Serve:** Chief Steve Conrad | ) |
| 633 W. Jefferson St. | ) |
| Louisville, Kentucky 40202 | ) |
| | ) |
| **and** | ) |
| | ) |
| **OFFICER ERIK VELTEN,** | ) |
| **INDIVIDUALLY AND IN HIS CAPACITY** | ) |
| **AS AN OFFICER OF THE LOUISVILLE** | ) |
| **METRO POLICE DEPARTMENT** | ) |
| | ) |
| **Serve:** Officer Erik Velten | ) |
| Louisville Metro Police Department | ) |
| 633 W. Jefferson St. | ) |
| Louisville, Kentucky 40202 | ) |
| | ) |
| **and** | ) |
| | ) |
| **OFFICER LISA NAGLE, INDIVIDUALLY** | ) |
| **AND IN HER CAPACITY AS AN** | ) |
| **OFFICER OF THE LOUISVILLE METRO** | ) |
| **POLICE DEPARTMENT** | ) |
| **Serve:** Officer Lisa Nagle | ) |
| Louisville Metro Police Department | ) |

Civil Action No. $\underline{\phantom{xxxxxxxxx}}$ 3-13-cv-524-H

Judge: $\underline{\phantom{xxxxxxxxxxxxxxxxxxxxx}}$

633 W. Jefferson St.                              )
Louisville, Kentucky 40202                        )
                                                  )
**and**                                           )
                                                  )
**STEVE CONRAD, IN HIS CAPACITY AS**              )
**CHIEF OF LOUISVILLE METRO**                     )
**POLICE DEPARTMENT**                             )
**Serve:** Chief Steve Conrad                     )
Louisville Metro Police Department                )
633 W. Jefferson St.                              )
Louisville, Kentucky 40202                        )
                                                  )
**and**                                           )
                                                  )
**GREG FISCHER, IN HIS CAPACITY AS**              )
**MAYOR LOUISVILLE/JEFFERSON**                    )
**COUNTY METRO GOVERNMENT**                       )
**Serve:** Mayor Greg Fischer                     )
Metro Hall / 4th Floor                            )
527 W. Jefferson St.                              )
Louisville, KY 40202                              )
                                                  )
**and**                                           )
                                                  )
**UNKNOWN OFFICERS, INDIVIDUALLY**                )
**AND IN THEIR CAPACITIES AS**                    )
**OFFICERS OF THE LOUISVILLE**                    )
**METRO POLICE DEPARTMENT**                       )
**Serve:** Chief Steve Conrad                     )
Louisville Metro Police Department                )
633 W. Jefferson St.                              )
Louisville, Kentucky 40202                        )
                                                  )
                                                  )
                                                  )
                                                  )
                      **Defendants**              )
                                                  )

## COMPLAINT

Comes the Plaintiff, Edward J. Bryant, III, by counsel, and for his Complaint hereby states as follows:

## INTRODUCTION

This is an action for damages arising from Defendants' violation of the Plaintiff's rights enumerated under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, said violations arising from the unlawful and unauthorized search, seizure and detention of Plaintiff and his personal property, and the unlawful use of excessive force against the Plaintiff, all of which have caused the Plaintiff significant and severe damages, including personal and pecuniary injuries.

On or about the evening of May 26, 2012, Edward Bryant was standing at the corner of 24th Street and Elliott Avenue in Louisville, Jefferson County, Kentucky. At or around approximately 8:00 p.m., Officer Erik Velten observed Mr. Bryant, drove by him in his police cruiser, and stopped.  Mr. Bryant turned around and walked the other direction.  Officer Velten circled the block, and when he saw Mr. Bryant again, Mr. Bryant put his phone to his ear and leaned down to talk to an occupied car.  Officer Velten circled the block a second time, and again saw Mr. Bryant change directions and speak to persons in an occupied car.  At that point, Officer Velten and his partner, Officer Lisa Nagle stopped Mr. Bryant.

Officer Velten asked for Mr. Bryant's ID, which he handed to Officer Nagle so she could run a check for outstanding warrants.  The officer told Mr. Bryant to sit on the curb.  At that point, Mr. Bryant was detained by the officers.  The officers then commenced with a search of Mr. Bryant.  Mr. Bryant then left the scene and the officers pursued.  Officer Velten took Mr. Bryant to the ground.  Officer Nagle deployed her taser-ECW device striking Mr. Bryant.  Then,

Officer Velten deployed his ECW device striking the subject in the back and on the back of his neck.  Velten then repeatedly, and without relenting, stunned him with the device multiple times. The Officers thereafter affected Mr. Bryant's arrest, first had him transported to the hospital and then to Metro Corrections for processing.

As a result of the unfounded stop and unwarranted seizure, Mr. Bryant suffered shortness of breath, puncture wounds to his back and neck, and abrasions to his hip and face.  What's more, at the hospital, it was discovered that Mr. Bryant had broken his left collar bone as a result of the Officer's actions.  His injuries required substantial and continuing medical treatment.

At the time of the stop and detention, the officers had neither reasonable articulable suspicion that criminal activity was afoot, nor probable cause to believe that a crime had been committed or was in the process of being committed. As a result of the gross and unconscionable actions of the Defendants, the Plaintiff was deprived of substantial rights without due process of law, and suffered and continues to suffer severe physical injuries and severe emotional distress.

## **CLAIMS**

Plaintiff asserts the following claims:

1) Violation of 42 U.S.C. §1983: Unlawful Search and Seizure

2) Violation of 42 U.S.C. §1983: Unlawful Detention and Confinement

3) Violation of 42 U.S.C. §1983:  Excessive Force

4) Violation of 42 U.S.C. §1983:  Cruel and Unusual Punishment

5)  Violation of 42 U.S.C. §1983:  Conspiracy

6)  Violation of 42 U.S.C. §1983: Refusal or Neglect to Prevent Harm

7) False Imprisonment

8)  Assault

9)  Battery

10) Intentional Infliction of Emotional Distress

11) Negligent Infliction of Emotional Distress

12) Negligence

13) Gross Negligence

### JURISDICTION AND VENUE

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343(a)(3) as the federal claims are brought under 42 U.S.C. § 1983 and venue pursuant to 28 U.S.C. 1391(b) as the parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

### PARTIES

1.      Plaintiff Edward Bryant is and at all times relevant hereto was a Kentucky citizen residing in Louisville, Jefferson County, Kentucky.

2.      Defendant Officer Erik Velten, is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with Louisville/Jefferson County Metro Government and the Louisville Metro Police Department.

3.      Defendant Officer Lisa Nagle, is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with Louisville/Jefferson County Metro Government and the Louisville Metro Police Department.

4.      Defendants unknown officers of the Louisville Metro Police Department were at all times relevant hereto employees of the Louisville Metro Police Department acting under color of law and within the scope of their employment with Louisville/Jefferson County Metro Government and the Louisville Metro Police Department.

5.      Defendant Louisville/Jefferson County Metro Government is and was at all times relevant hereto a consolidated urban-county government duly organized under Kentucky law and, as such, was and is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendant Officers Velten, Nagle, and as yet unnamed officers of the Louisville Metro Police Department.

6.      Defendant Chief Steven Conrad is and was at all times relevant hereto the Chief of the Louisville Metro Police Department and was responsible for the promulgation and implementation of police policies, procedures and practices within the Louisville Metro Police Department.

7.      Defendant Greg Fischer is and was at all times relevant hereto the duly-elected Mayor of the Louisville/Jefferson County Metro Government and as such was responsible for the promulgation and implementation of the policies, procedures, and practices of the Louisville/Jefferson County Metro Government.

8.      Plaintiff sues all public employee Defendants in their official and individual capacities except where specified otherwise.

## **FACTS**

9.      On or about May 26, 2012, Plaintiff was lawfully standing and/or walking at or near the corner of 24th Street and Elliott Avenue in Louisville, Jefferson County, Kentucky.

10.     At or around approximately 8:00 p.m., Defendant Officers Velten and Nagle were out on patrol, in a marked police cruiser, at or near 24th Street and Elliott Avenue in Louisville, Jefferson County, Kentucky.

11.     Defendant Officers Velten and/or Nagle then observed Plaintiff at or near 24th Street and Elliott Avenue in Louisville, Jefferson County, Kentucky.

12.     Officer Velten drove past Mr. Bryant in the same direction as Mr. Bryant.

13.     Officer Velten then stopped the vehicle.

13.     Mr. Bryant changed directions and began walking the other way.

14.     Officer Velten circled the block, and upon seeing the police vehicle approaching again, Mr. Bryant put his phone to his ear and leaned down to speak to the occupants of a nearby vehicle.

15.     Officer Velten circled the block a second time, and again saw Mr. Bryant change directions.

16.     Officer Velten again spoke to an occupied car.

17.     At that time, Officer Velten and/or Nagle stopped Mr. Bryant.

18.     Mr. Bryant was not free to leave the officers at that time.

18.     Officer Velten requested Bryant's identification.

19.     Mr. Bryant complied with the request and gave his identification to Officer Nagle and/or Velten.

20.     Officer Nagle took the license to check it for outstanding warrants.

21.     Officer Velten or Nagle told Mr. Bryant to sit on the curb.

22.     At that time, Mr. Bryant was, in fact, detained by the police and being held by the same.

7

23.     The Officers then began a search of Mr. Bryant's person.

24.     Mr. Bryant left the scene of the stop at that time.

25.     Officer Velten caught hold of and tackled Mr. Bryant to the ground.

26.     Officer Nagle deployed her ECW device upon Mr. Bryant and engaged the same on his person.

27.     Officer Velten deployed his ECW device upon Mr. Bryant and engaged the same on his person multiple times.

28.     Officer Velten and/or Officer Nagle stunned him multiple times.

29.     Officer Velten and/or Nagle caused Mr. Bryant to suffer shortness of breath, puncture wounds, abrasions, lacerations, and a broken left collar bone.

30.     Mr. Bryant was arrested, transported to the hospital, and then taken to Metro Corrections for processing.

31.     Mr. Bryant was engaged in no illegal activity at the time of his stop.

32.     Defendant officers had no reasonable articulable suspicion to justify the stop of Plaintiff.

33.     Defendant officers searched Mr. Bryant without his consent.

34.     Defendant officers had no probable cause to believe that either Plaintiff had committed or was in the process of committing a crime.

35.     Defendant officers used excessive and unreasonable force in affecting the arrest of Mr. Bryant.

36.     The conduct of Defendant officers was unreasonable, unlawful and unjustified.

**CAUSES OF ACTION**

**COUNT I:  VIOLATION OF 42 U.S.C. § 1983 –
UNLAWFUL SEARCH AND SEIZURE**

37.     Paragraphs 1 through 36 above are hereby incorporated by reference and made part of this paragraph 37.

38.     At all times relevant hereto, the Plaintiff possessed a right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures and to be secure in their persons, personal effects, and property.

39.     At all times relevant hereto, the Plaintiff possessed a right under the Fifth and Fourteenth Amendments to the United States Constitution to be free from deprivation of their liberty or property without due process of law.

40.     Under color of law, the Defendant officers worked a denial of Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution or other federal law, to wit:

    a)      by conducting an unreasonable search and seizure of Plaintiff without due process of law;

    b)      by unlawfully seizing the Plaintiff and holding him against his will, thereby depriving him of liberty without due process of law;

    c)      by conspiring with the purpose of impeding or hindering the due course of justice, with the intent to deny Plaintiff equal protection of the law.

    d)      by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving them of their rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

41.     As a result of the concerted unlawful and malicious arrest by Defendant police officers, Plaintiff was deprived of liberty without due process of law and in violation of his right to equal protection under the laws, and that the due course of justice was impeded in violation of

the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

42.     The conduct of Defendant officers violates clearly established constitutional rights of which a reasonable officer would have known.

43.     In the alternative, and without waiving the foregoing, the search and seizure of the Plaintiff constituted a reckless and/or callous indifference to Plaintiff's federally protected rights.

44.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer have adopted policies, practices, or customs within the Louisville Metro Police Department that allow, among other things, the unlawful search and seizure of persons and property without sufficient grounds therefor.

45.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer negligently trained and/or supervised Officers Velten, Nagle, and as yet unnamed officers regarding proper search and seizure policies and procedures.

46.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer are also liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demand judgment, jointly and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II:  VIOLATION OF 42 U.S.C. § 1983 –
## DETENTION AND CONFINEMENT

47.     Paragraphs 1 through 46 above are hereby incorporated by reference and made part of this Paragraph 47.

48.     As a result of the concerted unlawful and malicious detention and confinement of the Plaintiff, Defendant officers deprived Mr. Bryant of liberty without due process of law and their right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

49.     The conduct of Defendant officers violates clearly established constitutional rights of which a reasonable officer would have known.

50.     In the alternative, and without waiving the foregoing, the aforementioned detention and confinement of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

51.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer have adopted policies, practices, or customs within the Louisville Metro Police Department that allow, among other things, the unlawful detention and confinement without sufficient grounds therefor.

52.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer negligently trained and/or supervised Officers Velten, Nagle, and as yet unnamed officers regarding proper detention and confinement policies and procedures.

53.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer are also liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment for Unlawful Detention and Confinement against all Defendants jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment, jointly and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT III:  VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE

54.     Paragraphs 1 through 53 above are hereby incorporated by reference and made part of this paragraph 54.

55.     Defendant Officers under color of law used unreasonable force on Plaintiff for the purpose of affecting his seizure and confinement, and not as part of a good faith effort to maintain order.

56.     Defendant Officers actions, with deliberate indifference and gross negligence, worked a denial of Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution or other federal law by depriving Plaintiff without due process of law of the right to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of the Civil Rights Act of 1871, and 42 U.S.C. §1983.

57.     The conduct of Defendant officers violates clearly established constitutional rights of which a reasonable officer would have known.

58.     In the alternative, and without waiving the foregoing, the aforementioned use of excessive force and unreasonable seizure of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

59.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer have adopted policies, practices, or customs within the Louisville Metro Police Department that allow, among other things, the use of excessive force when other more reasonable and less drastic measures are available.

60.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer negligently trained and/or supervised Officers Velten, Nagle, and as yet unnamed officers regarding proper use of force and seizure policies and procedures.

61.     The actions of Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer amount to deliberate indifference to the rights of Mr. Bryant to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

62.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer are also liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment for Unlawful Detention and Confinement against all Defendants jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands

judgment, jointly and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT IV:  VIOLATION OF 42 U.S.C. § 1983 – INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT

63.     Paragraphs 1 through 62 above are hereby incorporated by reference and made part of this paragraph 63.

64.     At all times relevant hereto, the conduct of all Defendants were subject to 42 U.S.C. §1983.

65.     The injuries inflicted upon Plaintiff during the time period described herein were sufficiently serious to qualify as a violation of the Eighth Amendment to the United States Constitution.

66.     Defendant officers under color of law and with deliberate indifference and gross negligence worked a denial of the Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution or other federal law by depriving Plaintiff without due process of law of the right to be free from cruel and unusual punishment under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and in violation of the Civil Rights Act of 1871, and 42 U.S.C. §1983.

67.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer are also liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment for Cruel and Unusual Punishment against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment, jointly

14

and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT V:  VIOLATION OF 42 U.S.C. § 1983 –
## CONSPIRACY

68.     Paragraphs 1 through 67 above are incorporated by reference and made part of this Paragraph 68.

69.     As a result of the concerted unlawful and malicious conspiracy of Defendants, Plaintiff was deprived of both liberty without due process of law and heir right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

70.     In the alternative and without waiving the foregoing, the aforementioned conspiracy against the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment for Conspiracy against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment, jointly and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VI:  VIOLATION OF 42 U.S.C. § 1983 – REFUSING OR
## NEGLECTING TO PREVENT HARM

71.     Paragraphs 1 through 70 above are incorporated by reference and made part of this Paragraph 71.

72.     At all times relevant to this Complaint, Defendant officers, as duly appointed officers of the Louisville Metro Police Department, were acting under the direction and control of the Louisville Metro Police Department, Louisville/Jefferson County Metro Government, Chief Steve Conrad, and Mayor Greg Fischer.

73.     Acting under color of law and pursuant to official policy or custom, the Louisville Metro Police Department, Louisville/Jefferson County Metro Government, Chief Steve Conrad, and Mayor Greg Fischer, knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, discipline on a continuing basis, and/or implement appropriate policy or procedure guiding, Defendant police officers in their duties to refrain from:

(a)     unlawfully and maliciously harassing citizens who were acting in accordance with their constitutional and statutory rights, privileges, and immunities; and/or

(b)     unlawfully conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the United States Constitution and laws of the United States and laws of the Commonwealth of Kentucky; and/or

(c)     callously or recklessly disregarding Plaintiff's Constitutional rights by seizing and detaining Plaintiff's person in which he possessed a reasonable expectation of privacy without the authorization of a warrant and/or valid probable cause; and/or

(d)     callously or recklessly disregarding Plaintiff's Constitutional rights by conducting a *Terry* stop without reasonable articulable suspicion that criminal activity was afoot; and/or

(e)     callously or recklessly disregarding Plaintiff's Constitutional rights by effectuating a seizure of Plaintiff without sufficient probable cause to believe that Plaintiff had committed or was in the process of committing a crime;

(f)     callously or recklessly disregarding Plaintiff's Constitutional rights by effectuating a seizure of Plaintiff by use of excessive force where less severe alternatives existed; and/or

(g)     otherwise depriving Plaintiff of his Constitutional and statutory rights, privileges, and immunities.

74.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs done, as heretofore alleged, were about to be committed.  Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence, failed or refused to do so.

75.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Defendant police officers heretofore described.

76.     As a direct and proximate cause of the negligent and intentional acts of Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and mayor Greg Fischer, as set forth above, Plaintiff suffered

17

humiliation, loss of income, severe physical injury, severe emotional distress and severe mental anguish in connection with the deprivation of their constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff demands judgment for Refusal or Neglect to Prevent Harm suffered against the Defendants for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VII:  FALSE IMPRISONMENT

78.     Paragraphs 1 through 77 above are hereby incorporated by reference and made part of this Paragraph 78.

79.     At all times relevant hereto, (a) the Defendants acted with the intention of confining the Plaintiff within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) the Plaintiff were conscious of the confinement.

80.     Said restraint was wrongful, improper, and without a claim of reasonable justification, authority or privilege.

81.     As a direct and proximate result of the conduct of the Defendants, the Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

82.     The actions of the Defendants in falsely imprisoning the Plaintiff justify punitive damage awards against said Defendants.

83.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer are liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT VIII:  ASSAULT

84.     Paragraphs 1 through 83 above are hereby incorporated by reference and made part of this Paragraph 84.

85.     The actions of Defendant Officers Velten, Nagle, and as yet unnamed officers constituted unlawful acts which placed Plaintiff in reasonable apprehension of receiving an immediate battery.

86.     As a direct and proximate result of the conduct of the Defendant officers, the Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

87.     The actions of Defendant officers in assaulting the Plaintiff justify an award of punitive damages against Defendants.

88.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer are liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT IX:  BATTERY

89.     Paragraphs 1 through 88 above are hereby incorporated by reference and made part of this Paragraph 89.

90.     Without the consent of Mr. Bryant, the Defendant officers intentionally, harmfully, and offensively touched Mr. Bryant including, but not limited to, the following contact: tasering him, taking him to the ground, and applying unreasonable and unnecessary force to his person.

91.     Without the consent of Mr. Bryant, at least two of the Defendant officers intentionally, harmfully, and offensively touched Mr. Bryant by knocking him to the ground, beating him, tasering. and severely injuring him.

92.     As a direct and proximate result of the conduct of the Defendant officers, Mr. Bryant suffered serious bodily injuries arising directly from the fall and from the beating.  As a consequence, Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

93.     The actions of Defendant officers in battering the Plaintiff justify an award of punitive damages.

94.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer are liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

### COUNT X:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95.     Paragraphs 1 through 94 above are hereby incorporated by reference and made part of this Paragraph 81.

96.     Defendant officers intentionally and deliberately inflicted emotional distress upon the Plaintiff by invading his reasonable expectations of privacy, searching and seizing him with neither reasonable articulable suspicion nor probable cause, holding him at gunpoint and attacking and beating Mr. Bryant, actions the Defendants either knew or should have known were likely to cause emotional distress.

97.     Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society.

98.     As a direct and proximate result of Defendants' conduct, the Plaintiff suffered humiliation, shame, and severe emotional distress.

99.     The actions of the Defendants, in intentionally inflicting emotional distress upon Plaintiff, justify an award of punitive damages.

100.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer, are liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT XI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

101.     Paragraphs 1 through 100 above are incorporated herein by reference and made part of this Paragraph 101.

102.    Defendant Officers Velten, Nagle, and as yet unnamed officers owed a duty to act according to the standard of ordinary care of police officers, to wit, to conduct a proper investigation and to safeguard the constitutional rights of citizens, the failure of which was the direct and proximate cause of Plaintiff's injuries.

103.    Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer, owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the unlawful search and seizure, unlawful detention, false imprisonment, assault and batter of Plaintiff and the violation the Plaintiff's constitutional rights.

104.    Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer, breached the aforementioned duty by failing to act as entities in a supervisory role would act in this situation, by failing to perform their duties and by failing to adequately control and to supervise Defendant police officers.

105.    As a result of the aforementioned breaches, which were the proximate causes of the Plaintiff's injuries, the Plaintiff suffered harm and damages.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT XII:  NEGLIGENCE

106.    Paragraphs 1 through 105 above are incorporated herein by reference and made part of this Paragraph 106.

107.    Defendant Officers Velten, Nagle, and as yet unnamed officers owed a duty of care to the Plaintiff to follow the proper police policies, procedures, and techniques, and to act as reasonable police officers would act under the same circumstances to ensure the Plaintiff's safety.

108.    Defendant officers breached this duty of care by:

(a) failing to follow standard police procedures, and/or

(b) failing to act as reasonable police officers under the same or similar circumstances.

109.    Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer, owed a duty of care to hire, train, and supervise the Defendant Officers present during or participating in the search, seizure, detention, false imprisonment, assault or battery of Mr. Bryant, and to take steps to prevent events such as occurred here.

110.    Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer, breached this duty of care by

(a)    failing to use care in hiring Defendant Officers Velten, Nagle, and unknown officers, and/or

(b)    failing to properly train the Defendant Officers Velten, Nagle, and unknown officers, and/or

(c)    failing to supervise the Defendant Officers Velten, Nagle, and unknown officers to ensure their conduct met the standard of ordinary police officers.

111.    The breach of duty by the Defendant officers was the actual and proximate cause of the injuries Mr. Bryant sustained and from which he continues to suffer.

112.     Mr. Bryant suffered damages as a result of the injury inflicted by Defendant officers Velten, Nagle, and as yet unnamed officers.

113.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer, are also liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT XIII:  GROSS NEGLIGENCE

114.     Paragraphs 1 through 113 above are incorporated herein by reference and made this Paragraph 114.

115.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer, owed a duty of care to hire, train, and supervise the Defendant officers, and to take steps to prevent events such as occurred here.

116.     Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer, breached this duty by failing to exercise even slight care in hiring, training, and/or supervising the Defendant officers.

117.     Defendant Officers Velten, Nagle, and unknown officers owed a duty of care to Plaintiff to follow the proper police policies, procedures, and techniques, and to act as reasonable police officers would act under the same circumstances to ensure the Plaintiff's safety.

118.    Defendant Officers Velten, Nagle, and unknown officers breached this duty by failing to exercise even slight care, and acted in a manner consistent with wanton or reckless disregard for the life and safety of the Plaintiff.

119.    Defendants' breach of duty was so egregious that it rises to the level of gross negligence and supports an award of punitive damages.

120.    Said breach of duty by all Defendants was the actual and proximate cause of the injuries sustained by Plaintiff.

121.    Plaintiff suffered damages as a result of the breach by all Defendants.

122.    Defendants Louisville/Jefferson County Metro Government, Louisville Metro Police Department, Chief Steven Conrad, and Mayor Greg Fischer, are also liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.


## DAMAGES

123.    Paragraphs 1 through 110 above are incorporated herein by reference and made part of this Paragraph 111.

124.    Plaintiff's physical, mental and emotional anguish and pain and suffering were unnecessary and preventable.  Plaintiff is entitled to recover for the wanton and unnecessary pain and suffering they endured.  Defendants' violations of Plaintiff's constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for Plaintiff's rights,

entitling him to recover punitive damages and attorney's fees from Defendants in order to deter such conduct in the future.

**WHEREFORE,** the Plaintiff respectfully demands as follows:

1.     Judgment against the Defendants, in a sum reasonably calculated to compensate the Plaintiff for his injuries and damages, including, but not limited to, recovery for physical, mental and emotional distress, and reimbursement for legal fees in prosecuting this case as a result of the Defendants' actions, pre- and post- judgment interest, costs, attorneys' fees;

2.     Punitive damages;

3.     Trial by jury;

4.     For any and all other relief the Court may deem appropriate.


Respectfully Submitted


/s/Aaron R. Esmailzadeh_____
AARON R. ESMAILZADEH
600 W. Main Street
Suite 100
Louisville, Kentucky  40202
Telephone: (502) 540-1221
Facsimile: (502) 618-4954
**ATTORNEY FOR THE PLAINTIFF**